### L. A. MILLS AND HUSBAND VS. C. H. MOORE, SHERIFF, ET AL.

MAYO, J. Where a married woman was sued on a note given for the purchase price of property bought during the marriage, and set up in her answer that the note was given for her husband's debt, in contravention of law, but before trial confessed judgment, with twelve months' stay of execution, at the end of which time she enjoins the judgment, and sues to annul it on precisely the same grounds urged in her previous answer, she is not precluded by the plea of *res adjudicata* from annulling said confession of judgment, but the burden of proof is on her to show affirmatively the existence of nullity therein. 15 An. 628; 29 An. 595; 16 An. 310; 22 An. 386; 24 An. 142; 14 An. 700; 21 An. 525.

A wife may, at any time, and in any form of contract or transaction, resume the administration of her separate property; and where she buys mules and gives a mortgage to secure the payment therefor, and declares in said act that she has the separate administration of her property, the resumption is formal and complete. 1 R 368; 14 An. 687; 11 An. 1.

3. Where a married woman declares that mules are bought for her separate estate, which is shown to embrace a farm, and her husband is shown to have no property and no use for mules, and where, between the time judgment was confessed and the bringing of the suit to annul, the property is disposed of by the husband, and it is shown that the wife signed the note, act of mortgage and confession of judgment, deliberately, and of her own free will, she will be held liable for the price of said mules, for to relieve her would be to sanction a gross and palpable fraud. 2 An. 1. The facts disclosed would enable her to protect the property from her husband's debts and she must pay for it.